IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

JOSEPH DEES a/k/a JOSEPH LEE,

       Defendant.

Criminal No. 11-0110
ELECTRONICALLY FILED

### Order on Motions in Limine (doc. nos. 53, 54, 55, 56)

Pending before this Court are the parties' respective motions in limine for the upcoming criminal jury trial scheduled for November 14, 2012. The Indictment charges Defendant with Possession with Intent to Distribute Less than 500 Grams of a Mixture and Substance Containing a Detectable Amount of Cocaine, a Schedule II Controlled Substance in violation of Title 21 United States Code Section 841(a)(1) and 841(b)(1)(C).

In support of its theory of the case, that Defendant was a drug distributor and/or seller, the Government seeks to introduce evidence, including the testimony of two witnesses (Courtney McFeaters and Calvin Smith), who were also charged with, and plead guilty to, conspiracy to commit fraud. The substance of their testimony centers around their collective allegations that they had seen Defendant distribute cocaine in the months leading up to his arrest. Defendant, however, seeks to eliminate the testimony of these witnesses (and of the Government expert) mainly on the basis of relevance and prejudice, in his Motions in Limine. Paradoxically, Defendant contends that the evidence he will present will show that he was a drug addict, and therefore, the drugs he possessed were only for his personal use. The Government, on the other

1

hand, seeks to bar the introduction of any evidence (via expert witnesses Dr. Neil Capretto and Ms. Kim Washington) tending to support Defendant's theory of the case, also on the basis of relevance, hearsay, and foundation.

The Court finds that the majority of the testimony and evidence of both the Government and the Defendant may be fairly presented to the fact finder as relevant and not prejudicial, under Fed. R. Evid. 403; rather, the substance of the objections are more appropriate matters for cross-examination. Nonetheless, an analysis of the pending motions follows.

### Doc. No. 53

Defendant's first Motion in Limine (doc. no. 53) seeks to exclude Government Exhibit Number 13, a June 22, 2011 letter from Defendant to Prosecutor Conway, at which time Defendant was indisputably represented by Defense Counsel Stallings, wherein Defendant appeared to be attempting to engage in plea negotiations directly with Mr. Conway. While the Government seeks to introduce this letter as a "statement," Defendant objects to its introduction pursuant *Massiah v. United States*, 377 U.S. 201 (1964), and *United States v. Henry*, 447 U.S. 264 (1980), and additionally, under Fed. R. Evid. 410(4), which makes inadmissible any statement made in the course of plea negotiations. After careful review of the letter submitted by Defendant, the Court hereby ORDERS that the Defendant's Motion in Limine (doc. no. 53) is GRANTED under both *Massiah* and Rule 410(4).

### Doc. No. 54

Defendant's second Motion in Limine (doc. no. 54) seeks to exclude the expert testimony of Government Witness, Pennsylvania State Trooper Michael Warfield, who will testify regarding his expert opinion on distribution versus possession of the cocaine for personal use. The alleged basis for Mr. Warfield's expert opinion stems from numerous factors including the

volume of the cocaine, the amount of cash found on Defendant's person, and his possession of an expensive vehicle, without legitimate means by which to acquire the vehicle. While the Court agrees with Defendant that Mr. Warfield may not testify on the ultimate issue of whether or not Defendant possessed the requisite intent to distribute cocaine pursuant to Fed. R. Evid. 704(b), the Court will not exclude the testimony of Mr. Warfield. Should the testimony of Mr. Warfield move afield from the proper scope of testimony, Defense counsel shall properly object and the Court will consider any such objection during trial. With the above caveat, the Court hereby ORDERS that the Defendant's Motion in Limine (doc. no. 54) is DENIED.

**Doc. No. 55**

Defendant's third and final Motion in Limine (doc. no. 55) seeks to exclude evidence under Fed. R. Evid. 404(b) regarding prior alleged distributions of controlled substances by Defendant. The Government seeks to introduce this evidence through the testimony of Ms. McFeaters and Mr. Smith, who are cooperating witnesses.

Evidence of prior "bad acts" may be admitted only if: (1) the other crimes evidence [has] a proper purpose as set forth in Rule 404(b); (2) the proffered evidence [is] relevant; (3) its probative value [outweighs] its potential for unfair prejudice; and (4) the [Court charges] the jury to consider the other crimes evidence only for the limited purpose for which it is admitted. *United States v. Lee*, 573 F.3d 155, 166 (3d Cir. 2009)(citing *Huddleston v. United States*, 485 U.S. 681 (1988)).

The Court finds that all four parts of the *Huddleston* test have been met. First, the evidence has a proper purpose under 404(b), which is to show that Mr. Dees had the intent to distribute the cocaine. Second, the evidence is relevant. The evidence tends to show that Mr. Dees had the intent to distribute cocaine. After carefully weighing the probative value of the

evidence with the potential for unfair prejudice under Rule 403, the Court finds that the potential for unfair prejudice does not outweigh the probative value of the evidence. Finally, the Court will issue a limiting instruction both during trial and during final jury instructions, should the parties so request, and proffer such a limiting instruction.

This ruling is consistent with prior decisions of the United States Court of Appeals for the Third Circuit and similar cases within this District where evidence of prior distribution of drugs was admitted to show the requisite intent to distribute. *See, id.*; *United States v. Givan*, 320 F.3d 452, 460–62 (3d Cir. 2003); *United States v. Bacon*, Crim. No. 11-42, Doc. No. 983, 5-6 (W.D. Pa. Oct. 31, 2012) (Schwab, J.); *United States v. Manghan*, Crim. No. 11-45, Doc. No. 1083, 6 (W.D. Pa. Oct. 16, 2012) (Schwab, J.); *United States v. Curran*, 2011 WL 3421420, *3 (W.D. Pa. Aug. 4, 2011) (McVerry, J.); *United States v. Rutherford*, 2010 WL 3703300, *2 (W.D. Pa. Sep. 14, 2010) (Schwab, J.); *United States v. Scott*, 2009 WL 4506605, *3 (W.D. Pa. Dec. 3, 2009) (Diamond, J.).

Therefore, the Court hereby ORDERS that the Defendant's Motion in Limine (doc. no. 55) to Exclude Evidence Under Rule 404(b) is DENIED.

**Doc. No. 56**

The Government's sole Motion in Limine (doc. no. 56) seeks to exclude both of Defendant's expert witnesses – Ms. Kim Washington and Dr. Neil Capretto. In support thereof, the Government contends that the notice provided as to Ms. Washington is inadequate (does not provide her qualifications and bases and reasons for her opinions), that the opinions of both Ms. Washington and Dr. Capretto are based on hearsay statements by Defendant, and there is an

inadequate foundation for their testimony unless Defendant takes the stand in his own defense.[1]
Finally, the Government argues that the testimony of Dr. Capretto has limited relevance because the report of Dr. Capretto, who stated that Defendant had a substantial drug problem, combined with depression, was made in 2006, when Defendant was in prison, and thus, his testimony would not be current, and thus, would be of very little evidentiary value. The Court finds the testimony of Dr. Capretto to be relevant, and therefore, disagrees with the Government, and finds that the date of the report, and other factors related thereto, may be properly brought out by the Government on cross-examination.

Moreover, the Court finds that Defendant has complied with Federal Rule of Criminal Procedure 16 with respect to the notice requirements for Ms. Washington. As to Ms. Washington's qualifications, the Court declines to rule that Ms. Washington is not an expert at the Motion in Limine phase. The Government is free to ask questions during voir dire of Ms. Washington, and to renew an objection to her admission as an expert at trial.

As for the Government's position that the testimony of both experts improperly relies upon hearsay, the Court recognizes the following: "Rule 703 permits experts to rely upon hearsay. The guarantee of trustworthiness is that it be of the kind normally employed by experts in the field . . . Nevertheless, the court may not abdicate its independent responsibilities to decide if the bases meet minimum standards of reliability as a condition of admissibility." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 748 (3d Cir. 1994). "Therefore, when a trial judge analyzes whether an expert's data is of a type reasonably relied on by experts in the field, he or she should assess whether there are good grounds to rely on this data to draw the conclusion reached by the expert." *In re TMI Litig.*, 193 F.3d 613, 697 (3d Cir. 1999) (quoting *Paoli*, 35 F.3d at 749). In

---

[1] As is set forth in the Model Jury Instructions of the Third Circuit, the Court will include a jury instruction on expert testimony both in the preliminary and in the final jury instructions.

this case, speaking with an individual (Defendant) and relying on reports based upon such discussion is a type reasonably relied upon by experts in deciding if an individual is a drug addict. Accordingly, the experts may properly upon the above examples of hearsay evidence.

Therefore, the Court hereby ORDERS that the Government's Motion in Limine (doc. no. 56) to Exclude the Expert Testimony of Dr. Capretto and Ms. Washington is DENIED.

Finally, it is HEREBY ORDERED that the parties shall file an updated and amended joint exhibit list based upon the exchange of exhibits by the parties, and based upon the above rulings on the Motions in Limine, by 3:00 p.m. today.

**SO ORDERED** this 5th day of November, 2012.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All Registered ECF Counsel and Parties