IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,                                Criminal No. 11-0110
                                                ELECTRONICALLY FILED

   v.

JOSEPH DEES a/k/a JOSEPH LEE,

       Defendant.

## FINAL JURY INSTRUCTIONS

**I.**     **Preliminary General Instructions**

Members of the jury, you have seen and heard all the evidence and the arguments of the lawyers. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence that you have heard and seen in court during this trial. As judges of the facts, it is your duty to determine from the evidence what actually happened in this case. That is your job and yours alone. I play no part in finding the facts. You should not take anything I may have said or done during the trial as indicating what I think of the evidence or what I think about what your verdict should be.

Your second duty is to apply the law that I give you to the facts. My role now is to explain to you the legal principles that must guide you in your decisions. You must apply my instructions carefully. Each of the instructions is important, and you must apply all of them as a whole; you must not disregard or give special attention to any one instruction; and you may not question the wisdom or correctness of any rule of law or rule of evidence I state to you. You must not substitute or follow your own notion or opinion about what the law is or ought to be.

You must apply the law that I give to you, whether you agree with it or not. In other words, do not substitute your own notion or opinion as to what the law is or ought to be.

Whatever your verdict, it will have to be unanimous. All of you will have to agree on it or there will be no verdict. In the jury room you will discuss the case among yourselves, but ultimately each of you will have to make up his or her own mind. This is a responsibility that each of you has and that you cannot avoid.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

## II. Evidence

### A. What is Evidence

You must make your decision in this case based only on the evidence that you saw and heard in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that was stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) The indictment;

(2) Statements and arguments of the lawyers for the parties in this case;

(3) Questions by the lawyers and questions that I might have asked;

(4) Objections by lawyers, including objections in which the lawyers stated facts;

(5) Any testimony I struck or told you to disregard; and

(6) Anything you may have seen or heard about this case outside the courtroom.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

As I told you in my preliminary instructions, the rules of evidence control what can be received into evidence. During the trial the lawyers objected when they thought that evidence was offered that was not permitted by the rules of evidence. These objections simply meant that the lawyers were asking me to decide whether the evidence should be allowed under the rules.

You should not be influenced by the fact that an objection was made. You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other. When I allowed evidence (testimony or exhibits) for a limited purpose only, I instructed you to consider that evidence only for that limited purpose and you must do that.

When I sustained an objection, the question was not answered or the exhibit was not received as evidence. You must disregard the question or the exhibit entirely. Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered

before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

Also, if I ordered that some testimony or other evidence be stricken or removed from the record, you must disregard that evidence. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may have called your attention to certain facts or factual conclusions that they thought were important, what the lawyers said is not evidence and is not binding on you. It is your own recollection and interpretation of the evidence that controls your decision in this case. Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

B.     **Direct and Circumstantial Evidence**

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence." You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact. An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact. It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts. A reasonable inference is simply a deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining.  You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts.  The government may ask you to draw one inference, and the defense may ask you to draw another.  You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial.  The law makes no distinction between the weight that you should give to either direct or circumstantial evidence.  It is for you to decide how much weight to give any evidence.

**III.    Witnesses**

**A.    Credibility of Witnesses**

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are, you must decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses.  Credibility refers to whether a witness is worthy of belief: Was the witness truthful?  Was the witness' testimony accurate?  You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.   In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of belief because

of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

### B. Credibility of Witnesses – Law Enforcement Officer

You have heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

### C. Credibility of Witnesses – Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses

You have heard evidence that Courtney McFeaters and Calvin Smith have made plea agreements with the government and may have receive benefits from the government in exchange for testifying. Their testimony was received in evidence and may be considered by you. The government is permitted to present the testimony of someone who has reached a plea bargain with the government and may receive a benefit from the government in exchange for testimony, but you should consider the testimony of Courtney McFeaters and Calvin Smith with great care and caution. In evaluating the testimony of Courtney McFeaters and Calvin Smith,

you should consider this factor along with the others I have called to your attention.  Whether or not their testimony may have been influenced by the plea agreements or the government's offered benefits is for you to determine. You may give the testimony such weight as you think it deserves.

      **D.**      **Expert Witnesses**

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

In this case, you heard testimony from Mr. Warfield and Mr. Benintendo, who offered opinions on behalf of the government.  Because of their knowledge, skill, experience, training, and/or education in the fields of narcotics and forensics, and firearms, Mr. Warfield, and Mr. Benintendo, were permitted to offer their opinions in the field and the reasons for that opinion.

As I stated to you at the beginning of the trial, the opinions these witnesses stated should receive whatever weight you think appropriate, given all the other evidence in the case.  In weighing this opinion testimony you may consider the witness' qualifications, the reason for the witness' opinions, and the reliability of the information supporting the witness' opinions, as well as the other factors discussed in these instructions for weighing the testimony of witnesses.  You may disregard the opinions entirely if you decide that the opinions are not based on sufficient knowledge, skill, experience, training, or education.  You may also disregard the opinions if you conclude that the reasons given in support of the opinions are not sound, or if you conclude that the opinions are not supported by the facts shown by the evidence, or if you think that the opinions are outweighed by other evidence.

### E. Defendant's Choice Not to Testify or Present Evidence

Mr. Dees did not testify and did not present evidence in this case. A defendant has an absolute constitutional right not to testify or to present any evidence. The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. You must not attach any significance to the fact that Mr. Dees did not testify. You must not draw any adverse inference against him because he did not take the witness stand. Do not consider, for any reason at all, the fact that Mr. Dees did not testify. Do not discuss that fact during your deliberations or let it influence your decision in any way.

### F. Not All Evidence, Not All Witnesses Needed

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, as I have explained, the defendant is not required to present any evidence or produce any witnesses.

## IV. Presumption of Innocence; Burden of Proof; Reasonable Doubt

The defendant, Mr. Dees, pleaded not guilty to the offense charged. Mr. Dees is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with Mr. Dees unless and until the government has presented evidence that overcomes that presumption by convincing you that Mr. Dees is guilty of the offenses charged beyond a reasonable doubt. The presumption of innocence requires that

you find Mr. Dees not guilty, unless you are satisfied that the government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that Mr. Dees has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the government to prove that Mr. Dees is guilty and this burden stays with the government throughout the trial.

In order for you to find defendant guilty of the offense charged, the government must convince you that defendant is guilty beyond a reasonable doubt. That means that the government must prove each and every element of the offense charged beyond a reasonable doubt. A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty. Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts. A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience. It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life. It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of the offense charged, then you must return a verdict of not guilty for that offense.

**V.     Offense Charged in the Indictment**

    **A.     Nature of the Indictment**

As you know, the defendant, Mr. Dees, is charged in the indictment with violating federal law, specifically: (1) knowingly, intentionally, and unlawfully possessing with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

As I explained at the beginning of trial, an indictment is just the formal way of specifying the exact crimes the defendant is accused of committing. An indictment is simply a description of the charges against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Dees has been indicted in making your decision in this case.

    **B.     On or About**

You will note that the indictment charges that the offense was committed "on or about" a certain date. The government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

    **C.     Venue**

The indictment alleges that some act in furtherance of the offense charged occurred here in the Western District of Pennsylvania. There is no requirement that all aspects of the offense charged take place here in the Western District of Pennsylvania. But for you to return a guilty

verdict, the government must convince you that some act in furtherance of the crime charged, took place here in the Western District of Pennsylvania.

Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that some act in furtherance of the crime charged took place here.

Remember that the government must prove all the elements I have described beyond a reasonable doubt.

### D.     Offense Charged at Count One

Count 1 of the indictment charges Joseph Dees with possessing a mixture or substance containing a controlled substance, specifically cocaine, with the intent to distribute the controlled substance, which is a violation of federal law.

In order to find Mr. Dees guilty of this offense, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First: That Joseph Dees possessed a mixture or substance containing a

controlled substance;

Second: That Mr. Dees possessed the controlled substance knowingly or

intentionally;

Third: That Mr. Dees intended to distribute the controlled substance; and

Fourth: That the controlled substance was cocaine.

**"Possession" Defined**

To "possess" a controlled substance means to have it within a person's control. The government does not have to prove that Mr. Dees physically held the controlled substance, that

is, had actual possession of it. As long as the controlled substance was within Mr. Dee's control, he possessed it.

If you find that Mr. Dees either had actual possession of the controlled substance or had the power and intention to exercise control over it, even though it was not in Mr. Dees's physical possession – that is, that Mr. Dees had the ability to take actual possession of the substance when Mr. Dees wanted to do so – you may find that the government has proved possession. Possession may be momentary or fleeting. Proof of ownership of the controlled substance is not required.

Mere proximity to the controlled substance or mere presence on the property where it is located or mere association with the person who does control the controlled substance or the property is not enough to support a finding of possession.

### "Distribution" Defined

To distribute, as used in the offense charged, means to deliver or to transfer, possession or control of a controlled substance from one person to another.

To distribute includes the sale of a controlled substance by one person to another, but does not require a sale. Distribute also includes a delivery or transfer without any financial compensation, such as a gift or trade.

### Cocaine is a "Controlled Substance"

You are instructed that, as a matter of law, cocaine is a controlled substance, that is, some kind of prohibited drug.

It is solely for you, however, to decide whether the government has proved beyond a reasonable doubt that Mr. Dees possessed with the intent to distribute a mixture or substance containing cocaine.

**"Knowingly" and "Intentionally" Defined**

To act knowingly, as used in the offense charged, means that Mr. Dees was conscious and aware that he was engaged in the act charged and knew of the surrounding facts and circumstances that make out the offense. Knowingly does not require that Mr. Dees knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offense charged, means to act deliberately and not by accident. Intentionally does not require that Mr. Dees intended to violate the law.

The phrase "knowingly or intentionally," as used in the offense charged, requires the government to prove beyond a reasonable doubt that Mr. Dees knew that what he possessed with intent to distribute was a controlled substance. In addition, the government must also prove beyond a reasonable doubt that the controlled substance was in fact cocaine. However, as long as you find that the government proved beyond a reasonable doubt that Mr. Dees knew that what he possessed was a controlled substance, you need not find that Mr. Dees knew that the controlled substance was cocaine.

In deciding whether Mr. Dees acted "knowingly or intentionally," you may consider evidence about what Mr. Dees said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in Mr. Dees's mind at that time.

In order to find Mr. Dees guilty of possession of a controlled substance with intent to distribute, as charged in the indictment, you must find that the government proved beyond a reasonable doubt that Mr. Dees intended to distribute a mixture or substance containing a

controlled substance. To find that Mr. Dees had the intent to distribute, you must find that he had in mind or planned in some way to deliver or transfer possession or control over a controlled substance to someone else.

In determining whether Mr. Dees had the intent to distribute you may consider all the facts and circumstances shown by the evidence presented, including Mr. Dees words and actions. In determining Mr. Dees' intent to distribute controlled substances, you may also consider, among other things, the quantity and purity of the controlled substance, the manner in which the controlled substance was packaged, and the presence or absence of weapons, large amounts of cash, or equipment used in the processing or sale of controlled substances.

**"Lesser Included Offense"**

I have just explained what the government has to prove for you to find Mr. Dees guilty of the offense charged in Count 1 of the indictment, possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

The law also permits the jury to decide whether the government has proven Mr. Dees guilty of another, lesser offense that is, by its very nature, necessarily included in the offense of possession with intent to distribute a controlled substance that is charged in Count 1 of the indictment.

The offense of possession with intent to distribute a controlled substance charged in Count 1 of the indictment necessarily includes the lesser offense of possession of a controlled substance. In order to find Mr. Dees guilty of this lesser included offense, the government must prove the following elements beyond a reasonable doubt:

First: That Mr. Dees possessed a mixture or substance containing a

15

controlled substance;

Second: That Mr. Dees possessed the controlled substance knowingly or intentionally; and

Third: That the controlled substance was cocaine.

The difference between the offense charged in Count 1 of the indictment and this lesser offense that is included within it is that for the offense charged in Count 1 of the indictment, the government must prove that Mr. Dees intended to distribute the controlled substance. In other words, you may only convict Mr. Dees of the offense charged in Count 1 of the indictment if you find that the government proved beyond a reasonable doubt that Mr. Dees intended to distribute the controlled substance in question, but you need not make the same finding with respect to the lesser included offense of possession of a controlled substance. Only if you find unanimously that the government has proved beyond a reasonable doubt each of the elements of the offense of possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine charged in Count 1 of the indictment, then you should find Mr. Dees guilty of that offense and your foreperson should place an "x" next to "guilty" in the space provided on the verdict form for that offense. Your consideration of that offense is then concluded, and you should not proceed to answer the next question.

However, if you find unanimously that the government has not proved beyond a reasonable doubt each element of the offense of possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine charged in Count 1 of the indictment, then you must find Mr. Dees not guilty of that offense and your foreperson should place an "x" next to "not guilty" in the space provided for that offense on the verdict form. You should then consider whether the government has proved beyond a reasonable doubt all the

elements of the lesser offense of possession of a controlled substance included in the offense of possession with intent to distribute a controlled substance that is actually charged in Count 1 of the indictment.

If you find unanimously that the government has proved beyond a reasonable doubt each of the elements of this lesser included offense, then you should find Mr. Dees guilty of this lesser included offense and your foreperson should place an "x" next to "guilty" in the space provided for this lesser included offense on the verdict form.

However, if you find unanimously that the government has not proved beyond a reasonable doubt each element of this lesser included offense, then you must find Mr. Dees not guilty of this offense and your foreperson should place an "x" next to "not guilty" in the space provided for this lesser included offense on the verdict form.

## VI.    Final Instructions

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged. Now let me explain some things about your deliberations in the jury room, and your possible verdicts.

First: The first thing that you should do in the jury room is choose someone to be your foreperson. This person will speak for the jury here in court. He or she will also preside over your discussions. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror.

Second: I want to remind you that your verdict, whether it is guilty or not guilty, must be unanimous. To find Mr. Dees guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element

of that offense beyond a reasonable doubt. To find Mr. Dees not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Third: If you decide that the government has proved Mr. Dees guilty, then it will be my responsibility to decide what the appropriate punishment should be. You should never consider the possible punishment in reaching your verdict.

Fourth: As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be. What the verdict should be is the exclusive responsibility of the jury.

Fifth: Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that-- your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience. Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Sixth: Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

Seventh: If you have any questions or messages, your foreperson should write them down on a piece of paper, sign them, and then give them to the court official who will give them to me. I will first talk to the lawyers about what you have asked, and I will respond as soon as I can. In the meantime, if possible, continue with your deliberations on some other subject.

If you want to see any of the exhibits that were admitted in evidence, you may send me a message and, if I can legally do so, I will have those exhibits provided to you.

One more thing about messages. Do not ever write down or tell anyone how you or any one else voted. That should stay secret until you have finished your deliberations. If you have occasion to communicate with the Court while you are deliberating, do not disclose the number of jurors who have voted to convict or acquit on any offenses.

A verdict form has been prepared that you should use to record your verdicts.

The verdict form is simply the written notice of the decision you reach. You will take this form to the jury room, and when each of you has unanimously agreed on the verdicts, your foreperson will fill in the form and date it, and advise the bailiff that you are ready to return to the Courtroom. All 12 of you should sign the verdict form.

(COURT READS VERDICT FORM TO JURY)

You will note from the oath about to be taken by the bailiff that the bailiff, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

(COURT SWEARS THE BAILIFF)

(COURT DISMISSES ALTERNATE JURORS)

(JURY RETIRES WITH ONE VERDICT FORM)

cc: All Registered ECF Counsel and Parties