IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

   v.

JOSEPH DEES a/k/a JOSEPH LEE,

       Defendant.

Criminal No. 11-0110
ELECTRONICALLY FILED

### Order on Motion for New Trial

On November 14, 2012, a jury found defendant guilty of possession of cocaine with intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). Currently pending before this Court is defendant's motion for a new trial (doc. no. 95), and the government's response (doc. no. 96). After careful consideration, defendant's motion will be denied.

Federal Rule of Criminal Procedure 33 states that the Court may grant a new trial "if the interest of justice so requires." At the outset, the Court recognizes that the burden upon a defendant to demonstrate the Court should grant a new trial is an exacting one. *United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006). The Court should grant the defendant's Rule 33 motion for a new trial whenever, " there is a serious danger that a miscarriage of justice has occurred." *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002). When evaluating a Rule 33 motion, the Court "does not view the evidence favorably to the Government but instead exercises its own judgment in assessing the Government's case." *Id*. Among the factors the Court may consider include: "the slimness of the evidence" against the defendant, *United States v. Mastrangelo*, 172 F.3d 288, 294 (3d Cir. 1999); whether the verdict constitutes a "miscarriage

of justice," *United States v. Rhines*, 143 F. App'x 478, 484 (3d Cir. 2005), and whether there is a need to correct a clear error of law in an evidentiary ruling that had a substantial influence on the jury's decision. *Gov't of V.I. v. Bedford*, 671 F.2d 758, 762 (3d Cir. 1982).

Defendant contends broadly that the "interests of justice" require a new trial because the government changed its "theory of the case" shortly before trial, therefore, "springing" upon defendant a new theory and new evidence contrary to the original theory and discovery.[1] This, according to defendant, coupled with the presentation of alleged "false" testimony during the grand jury proceedings, prejudiced defendant's right to a fair trial. The government, on the other hand, acknowledges that it certainly uncovered evidence shortly before trial, and that evidence was produced in a proper manner. This is not uncommon, and does not constitute grounds for a new trial.

The basis for defendant's alleged "change in theory" argument is that, originally, the government presented evidence during the grand jury proceedings, that defendant was the more traditional seller of drugs, and his possession of $3,550 in cash, plus the amount of cocaine found on his person, and the vehicle he drove (Cadillac Escalade), all supported the government's theory. Shortly before trial (beginning in May of 2012, and again during pretrial proceedings) the "theory" admittedly morphed to now include not only drug sales (in the traditional sense), but also other forms of distribution, because the witnesses revealed that (in addition to sales) they observed defendant trading cocaine in exchange for female companionship, and as payment for participation in a fraud scheme (11-cr-233).

To be clear, contrary to the assertions of defendant, there is no evidence that the testimony of the special agent during the grand jury proceedings was in any way false or

---

[1] This is not the first time defendant has raised this issue. In fact, the alleged "change in theory" was the subject of a prior "objection" filed at doc. no. 70, which the Court preliminarily overruled at doc. no. 77.

perjurious.  Additionally, to follow defendant's argument to its logical conclusion, all evidence provided during grand jury proceedings would have to mirror the evidence put forth at trial, and no variations or additional precisions to the evidence would be appropriate.  The Court cannot countenance that contention.  As the government emphasizes, and this Court agrees, additional evidence (or level of precision on the evidence already presented) is almost always uncovered during the trial preparation phase of a case.

Defendant has cited no case law in support of his proposition that a "change in theory" is sufficient to support the grant of a motion for a new trial,  and this Court has not uncovered any law supporting his conclusions.  For all of these reasons, the Court finds that the "interests of justice" do not require the grant of a new trial; therefore, IT IS HEREBY ORDERED that defendant's motion for a new trial (doc. no. 95) is DENIED.

**SO ORDERED** this 14th day of December, 2012.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties