IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSEPH DEES a/k/a JOSEPH LEE,

    Defendant.

Criminal No. 11-0110
Civil No. 15-00493
ELECTRONICALLY FILED

## MEMORANDUM OPINION

### I.    Introduction

Before the Court is Petitioner Joseph Dees' *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (doc. no. 173), his Motion to Appoint Counsel (doc. no. 175), and his Motion to Amend his Original Motion to Include "Argument #7" (doc. no. 181). After careful consideration of Petitioner's Motions and Brief in Support, the Government's Responses thereto, and Petitioner's Reply, and the entire record in the case, including the trial transcript of this matter and the sentencing/re-sentencing hearings, the Court will grant Petitioner's Motion to Amend (doc. no. 181), will deny his Motion to Appoint Counsel, (doc. no. 175) and will deny Petitioner's All-Inclusive Motion for Relief pursuant to 28 U.S.C. § 2255 (doc. nos. 173 and 182).

### II.    Procedural Background

On May 17, 2011, Petitioner was indicted and charged with Possession with Intent to Distribute Less Than 500 Grams of a Mixture and Substance Containing a Detectable Amount

of Cocaine, a Schedule II Controlled Substance, in the Western District of Pennsylvania, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

Petitioner pled not guilty, and the well-respected defense counsel Stephen Stallings was appointed to represent him. Doc. No. 15. Attorney Stallings filed several pretrial motions on behalf of Defendant (doc. nos. 30, 32, and 34). After the trial date was set, and ultimately re-set for November 13, 2012, defense counsel filed numerous motions in limine, and he vigorously represented his client during all pretrial proceedings before this Court, including oral argument/conferences thereon.

After review of the docket, the transcripts, and from the independent recollection of this Court, defense counsel represented the interests of defendant in a professional and highly competent manner, and his motions practice was both copious and well-reasoned. At the trial of this matter, which occurred on November 13 and 14, 2012, the Government presented seven witnesses for trial, and defense counsel effectively, although ultimately not successfully, advocated for his client and pursued a skilled cross-examination of the Government witnesses. Defense counsel did not present any evidence in his case in chief. The jury returned a verdict of guilty on the one-count Indictment.

Defense counsel continued to vigorously represent Defendant through the sentencing of this matter, which occurred on July 16, 2013, and on appeal. The Court originally sentenced Defendant to a 105-month term of imprisonment (the high end of the reduced Sentencing Guideline Range) to run consecutive to a sentence imposed by this Court at 11-cr-233, after this Court found in favor of Defendant and against the Government on the issue of whether Defendant was entitled an enhancement on the basis that he was a career offender. Both parties

appealed, and the United States Court of Appeals for the Third Circuit affirmed the trial of this matter, and reversed/vacated and remanded for re-sentencing after the Court of Appeals found that Defendant qualified as a career offender. Doc. Nos. 155 and 156. Pursuant to the mandate of the Court of Appeals, the Court was required to re-sentence Defendant with the application of the enhancement under U.S.S.G § 4B1.1(a) for being a career offender, thereby setting the applicable Sentencing Guideline Range at 210 to 240 months.

On October 22, 2014, Attorney Stallings withdrew his representation of Defendant, and attorney David Berardinelli was appointed to represent Defendant. After hearing again from the parties in the form of re-sentencing Memoranda (doc. nos. 167 and 168), on February 20, 2015, the Court re-sentenced Defendant to 210 months incarceration to run concurrent (in part) to the 75 months sentence at Criminal No. 11-233. Defendant did not pursue an appeal of this sentence. Instead, on April 14, 2015, he filed his Petition to Vacate Sentence (doc. no. 173), with supporting documents, including a Motion to Appoint Counsel (doc. no. 175), and a Motion to Amend his Motion to Vacate (doc. no. 181). In Petitioner's Pleadings (doc. nos. 173, and 181), he raises seven (7) grounds in support of his Petition.

### III. Standard of Review

28 U.S.C. § 2255 provides, in relevant part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the

> judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Whether to conduct a hearing is within the sound discretion of the District Court. *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008); *United States v. Day*, 969 F.2d 39, 41 (3d Cir. 1992)(*quoting Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989), *cert. denied* 500 U.S. 954 (1991)). In exercising that discretion, "the [C]ourt must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record. Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Day,* 969 F.2d at 41-42 (citation omitted). *See also* Rules Governing Section 2255 Proceedings, Rules 4 and 8. The Court must view the factual allegations in the light most favorable to the Petitioner. *Government of the Virgin Islands v. Weatherwax,* 20 F.3d 572, 574 (3d Cir. 1994) (district court erred in failing to conduct evidentiary hearing on petitioner's non-frivolous allegations of ineffective assistance of counsel) (subsequent history omitted). However, a Section 2255 Motion may be dismissed without a hearing if: (1) its allegations, accepted as true, would not entitle Petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005)(citations omitted).

In order for Petitioner to establish counsel was ineffective, he has the burden to show counsel's performance (i) was in fact deficient and (ii) that the deficient performance so prejudiced the defense as to raise doubt to the accuracy of the outcome of the trial [or the

4

sentence]; i.e., Petitioner must demonstrate a reasonable probability that, but for counsel's deficiency, the outcome of the trial [or sentence] would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 692 (1984). Counsel's conduct presumptively "falls within the wide range of reasonable professional assistance," and the Petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689-90 (citation omitted). On the other hand, the mere fact that counsel's challenged performance or tactic can be called "strategic" in the sense it was deliberate, does not answer the dispositive question of whether that decision or tactic fell within the wide range of "reasonable professional assistance." *Davidson v. United States,* 951 F.Supp. 555, 558 (W.D.Pa. 1996), *quoting Government of the Virgin Islands v. Weatherwax,* 77 F.3d 1425, 1431-32 (3d Cir.), *cert. denied* 117 S.Ct. 538 (1996). "Reasonable trial strategy must, by definition, be reasonable." *Davidson,* 951 F.Supp. at 558.

Counsel's strategy must be judged by a standard of reasonableness based on the prevailing norms of the legal profession. *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (*Strickland* standards for claims of ineffective assistance of counsel unchanged under Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214). Ineffective assistance of counsel will not be found simply because, with the assistance of hindsight, the reviewing court disagrees with counsel's strategy. *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

In the context of a Section 2255 petition for collateral relief, the United States Court of Appeals for the Third Circuit has offered the following guidance:

> The . . . test for determining whether a hearing should be held on an ineffectiveness claim is slightly altered by the *Strickland* holding. Our analysis of allegations of ineffectiveness of counsel breaks down into two parts. First, we must determine whether the district court considered as true all of appellant's nonfrivolous factual claims. This step requires that we review whether the district court properly found certain allegations frivolous. Second, we must determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel. To evaluate claims under this second step, we must turn to both prongs of the *Strickland* test. If a nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing. If, on the other hand, a claim, when taken as true and evaluated in light of the existing record, states a colorable claim for relief under *Strickland*, then further factual development in the form of a hearing is required. That is, if a nonfrivolous claim does not conclusively fail either prong of the *Strickland* test, then a hearing must be held. Thus, the district court must employ the *Strickland* analysis at least once, and may have to employ it twice--first, as a threshold analysis of all claims on a limited record, and then again only on colorable claims after full factual development of those claims.

*United States v. Dawson,* 857 F.2d 923, 927-28 (3d Cir. 1988).

Under the first prong of the *Strickland* test, "an attorney renders ineffective assistance when his performance 'f[alls] below an objection standard of reasonableness,' given the particular circumstances of the case at hand." *Hodge v. U.S.,* 554 F.3d 372, 379 (3d Cir. 2009)(*quoting Strickland*, 466 U.S. at 688). As in any other ineffective assistance of counsel context, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The Court must employ a highly deferential standard, which entails "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Hankerson*, 496 F.3d 303, 310 (3d Cir. 2007)(quoting *Strickland*, 466 U.S. at 689). To rebut this presumption, a Petitioner "must show either that: (1) the

suggested strategy (even if sound) was not in fact motivating counsel, or (2) that the actions could never be considered part of a sound strategy." *Thomas v. Varner*, 428 F.3d 491, 499 (3d Cir. 2005).

Under the second prong (i.e., the prejudice prong), Petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a 'probability sufficient to undermine confidence in the outcome.'" *Hankerson*, 496 F.3d at 310 (quoting *Strickland*, 466 U.S. at 694).

**IV.     Discussion**

**A.     Ground I of Ineffectiveness**

Construing the Original Petition and the Motion to Amend as an All-Inclusive Petition (doc. nos. 173 and 181), Petitioner's first ground for relief is that his trial counsel was ineffective in failing to make a timely objection and move for a mistrial at a critical stage. In support thereof, he alleges that counsel failed to make an objection to the fact that he was dressed in his orange jumpsuit ("prison garb") during the trial of this matter, and that witnesses referred to him as wearing an orange jump suit and defense counsel failed to object. However, the record in this case reveals that prior to empaneling the jury, on the first morning of the trial, the Court questioned both Petitioner and defense counsel regarding Petitioner's decision to wear his prison uniform, made with the participation and agreement of Defendant. The transcript of that exchange makes clear that this decision was a deliberate and strategic one.   See doc. no. 180. The portion of the transcript relating to the dress of Petitioner is as follows:

>    THE COURT: I notice the Defendant is dressed in his prison

> uniform. Is there any reason why he's not dressed in some other garb like civilian garb?
> MR. STALLINGS: Your Honor, we have no objection to the jury seeing Mr. Dees in the state he is in.
> THE COURT: All right. And you agree with that, sir?
> THE DEFENDANT: Yes.

Doc. No. 180 at 5-6.

The theory of the defense was that Petitioner participated in a credit card scheme to support his drug addiction, and that he was an addict who used drugs and shared them with friends, but who was not a drug distributor. Defense counsel used the credit card fraud case to help explain why Petitioner, an unemployed cocaine addict, had more than $3,500.00 in his possession at the time of his arrest. While it was not a successful defense, the Court cannot second guess that this was a sound or appropriate trial strategy under the circumstances of this case.

Having concluded that it was a reasonable trial strategy to present Petitioner in his prison uniform, Petitioner has failed to meet the first prong of the *Strickland* test. Moreover, as to the second prong of *Strickland*, there is no reasonable probability that had defense counsel objected to statements by witnesses regarding Petitioner's orange jump suit, or had Petitioner decided not to wear the jump suit after the Court questioned him thereon (doc. no. 180), that the result of the trial would have been any different. The record is unequivocal that he was questioned on his decision to wear his orange jump suit, and it was discussed before the jury entered the Courtroom. The evidence of guilt in this case was substantial and the verdict was a reliable one.

For these reasons, the Court concludes that, taking Petitioner's non-frivolous

allegations as true for purposes of this Motion regarding his and defense counsel's strategic decision to wear the "prison garb," he cannot establish the prejudice prong of the *Strickland* standard (i.e., he cannot demonstrate a reasonable probability that counsel was constitutionally ineffective or that there is a "reasonable probability that, but for counsel's [alleged] errors," *Hill v. Lockhart*, 474 U.S. 52, 59 (U.S. 1985), that he can "affirmatively establish[] the likelihood of an unreliable verdict." *McAleese v. Mazurkiewicz*, 1 F.3d 159, 166 (3d Cir. 1993).

### B. Ground II – Court Erred in Admitting 404(b) Evidence

Petitioner next contends that the Court erred in admitting evidence of his prior fraud offenses under Fed. R. Evid. 404(b), and other bad acts (including prior cocaine distribution and sexual encounters in which he allegedly paid for sex with cocaine). Petitioner has raised this issue at several points in his Petition. These issues were previously raised before the United States Court of Appeals for the Third Circuit, in his direct appeal. The Court of Appeals, however, denied that claimed basis for relief and he cannot now relitigate that issue. *United States v. DeRewal*, 10 F.3d 100, 105, n. 4 (3d Cir. 1993). To the extent, Petitioner is alleging that counsel was ineffective in failing to raise any issues related to the 404(b) evidence on direct appeal, counsel cannot be ineffective for raising meritless claims as this Court finds that there was no error in admitting evidence of his prior sexual encounters to prove intent.

Moreover, Petitioner has not identified what, if anything, trial counsel could or should have done differently, and critically, he has not identified how the result would have changed. His allegations are not grounded with proper factual support and are merely conclusory allegations, which are not sufficient for this Court to possibly grant Petitioner any relief. Furthermore, Petitioner has not demonstrated a reasonable likelihood that had counsel

done something differently, the result would have been altered. While not recounting the specific facts of this case, the Court recalls that the Government presented competent evidence of Petitioner's guilt, and the verdict was amply supported by the evidence in this case which included evidence from various independent sources. Petitioner's second ground for relief thus necessarily fails.

**C.     Ground III of Ineffectiveness – Failure to Request Limiting Instruction**

Petitioner next claims that defense counsel was ineffective for failing to request a limiting instruction after the introduction of Rule 404(b) evidence. This Court inquired of defense counsel whether he was requesting a limiting instruction and defense counsel declined (doc. no. 151 at 111). There are differing approaches to the inclusion of a limiting instruction after the introduction of Rule 404(b) evidence - - while some practitioners prefer the limiting instruction, others believe it draws more attention to or overly-emphasizes the evidence. In any event, whether to request a limiting instruction is a strategic decision and trial counsel is afforded wide latitude in decisions such as this, so long as the strategy is a reasonable one. Furthermore, again, this claim of ineffectiveness necessarily falters because Petition has failed to demonstrate that he was prejudiced by trial counsel's decision not to request a limiting instruction. Judging the facts in the light most favorable to Petitioner, this claim of ineffectiveness does not meet either prong of the *Strickland* standard, and must be rejected.

**D.     Ground IV – Court Erred in Permitting Prosecution to Change Theory**

Petitioner next alleges, as defense counsel previously raised numerous times before this Court, that the Government impermissibly changes its theory of prosecution between the time of the Grand Jury presentment and trial. The Court previously considered and rejected

these same arguments by defense counsel in pretrial motions and in post-trial motions. Doc. Nos. 95 and 97. Additionally, Petitioner failed to raise the argument on direct appeal. Accordingly, this argument is procedurally barred, and in any event, has no merit.

### E. Grounds V and VI – Ineffectiveness for Failing to Challenge Indictment/Challenge Exculpatory Evidence

Petitioner also claims that his trial counsel was ineffective for failing to "request the District Court to strike all surplusage from the Indictment and suppress the evidence." Doc. No. 173 at 10. In support, Petitioner states that the grand jury should not have been presented with evidence related to the $3,550.00 found in Petitioner's possession, and his history of fraud offenses. Counsel cannot be deemed ineffective, where, as here, he failed to make a meritless claim on behalf of Petitioner. A district court generally lacks supervisory authority over Grand Jury proceedings, and a defendant bears a heavy burden when he or she attempts to set aside an Indictment. *United States v. Fenton*, 1998 WL356891, *4 (W.D. Pa. June 29, 1998)(Brooks, J.) Here, there is no violation of the law as the Government is not required to present exculpatory evidence to the Grand Jury, *United States v. Williams*, 504 U.S. 36, 52-54 (1992), and the Federal Rules of Evidence do not apply before the grand jury. Again, as trial counsel cannot be faulted for failing to file a meritless motion, and no prejudice can be established, this claim of ineffectiveness is without merit.

### F. Ground VII – Court Erred in Sentencing Defendant as a Career Offender

In Petitioner's Motion to Amend to Add "Argument Number 7," and attached Memorandum, he alleges that the Court abused its discretion in "permitting the [G]overnment a second bite at the apple to prove him to be a Career Offender." Doc. No. 182. As the

Government notes, and this Court agrees, Petitioner could have appealed the rulings of this Court at re-sentencing, but failed to do so. Therefore, his claim in this regard is procedurally barred. Moreover, his argument regarding career offender status is meritless as the Court of Appeals previously held that Petitioner was a career offender and this Court was bound the ruling. Accordingly, this claim of abuse of discretion necessarily fails.

## VI. Conclusion

As rehearsed, in order for Petitioner to establish counsel was ineffective, he has the burden to show counsel's performance: (i) was in fact deficient, and (ii) that the deficient performance so prejudiced the defense as to raise doubt to the accuracy of the outcome of the trial [or the sentence]; i.e., Petitioner must demonstrate a reasonable probability that, but for counsel's deficiency, the outcome of the trial [or sentence] would have been different. *Strickland*, 466 U.S. 668, 687, 692 (1984). Petitioner has failed to meet his burden in both regards with regard to his claims of ineffectiveness. Similarly, Petitioner has failed to set forth any error by this Court that is not procedurally barred and/or that has not previously been raised and rejected.

For all of the foregoing reasons, this Court will deny Petitioner's motion for relief under 28 U.S.C. § 2255, without a hearing, and a Certificate of Appealability will be denied. An appropriate order follows.

                                                        s/Arthur J. Schwab
                                                        Arthur J. Schwab
                                                        United States District Judge

cc:  All Registered ECF Counsel and Parties

    Joseph Dees
    #4570-066
    Box 6000
    Blenville, WV 26351